The opinion of the Court was delivered by
Mr. Justice Johnson.
In considering this case, I shall, for the sake of perspicuity,, depart from the order in which the grounds are stated in the brief, and take up, first, that which relates to the sufficiency of the proof of the execution of the will by one witness only, which is the second in the order in *83 which they stand. It is only necessary to advert to the authorities to come to a correct determination of the question. They all agree, that all the circumstances of the execution of a will may be proven on a trial at common law by one witness, and a devisee is not obliged to call the rest; but if the opposite party disputes the regularity of the execution, he may call the other witnesses. (Phillips, 373; and the cases there cited.) This ground, therefore, appears to have been lugged in as a random shot, which, although it may serve to frighten away an assaulting enemy, loses all its effect when directed against him who is in the strong hold.
c^^“reil]atop|^ dene© of the contents 0r a lost deed, he must f™cvce 0“ec¿™-ioss;orgivcsome j™t“r maybe 'in-
The third ground which. I shall next proceed . «i t ji • i i j ii t~i /» to consider, 1 think also untenable, before a party can be allowed to go into secondary evr dence oi the contents oí a deed, he must prove the existence or execution, and its loss, or give some other account of it, from which its loss or destruction may be inferred, (Phillips, 346;) and whenever antecedent facts are necessary for the purpose of deciding the question of admissibility, they are to be determined by the Court, (Phillips, 13.) Now the existence of a deed in ordinary cases can only be proven by proof of its due execution: and as there was no such evidence in this case, if, as I before observed, it was a question which it was the province of the Court to decide, I think the Court was justifiable in rejecting it as evidence of the existence and *84 loss of the deed; but I am inclined to think, aÉ I shall hereafter have occasion to remark, that this evidence was admissible for another purpose.
I come now to the consideration of the remaining grounds-, which are the first and fourth, in the order in which théy are presented in the brief, and shall consider them together,- as the evidence alluded to in the first Case, if admissible, can only be regarded as an auxiliary to the fourth and last ground. If the case presented no other view, than that the evidence rejected was intended to set up a title by parol, or to create a trust, which governed the opinion of the presiding judge, it was clearly within the statute of frauds, and inadmissible; but a title may be presumed from length of possession, (Ptil'ip-*, 119) and whenever a long, and uninterrupted, and apparently rightful possession is established, it appears to me that whatever is calculated to strengthen that presumption, ought to be admitted as evidence. Now the bare fact of Timothy Rives having borrowed a warrant from the grantee, and having taken a grant out in his name, and that he paid the expenses; would not, of itself, give him a title; but the plain rules of common honesty would dictate to every man, that injustice, Howell, the grantee, ought to have conveyed to Rives, to have completed the act of kindness which his situation as a friend and neighbour had induced him to engage in. Is there, then,, any thing more natural than that Howell *85 had done what ought to have been done, when it is seen that himself, and those who now claim un- . _ i der nun, lookod on, and saw the defendant, and the person under whom he claims, in the possession and enjoyment of this land for more than 40 years ? In this view, therefore, I think the evidence was admissible.
As to what length of possession shall be considered sufficient evidence to authorize the presumption of a deed, unaccompanied by other circumstances, it is perhaps unnecessary to decide in this case, and I know of no rule which has been established in this state fixing the minimum. In the case of Lessee of Alston vs. Saunders, (1 Bay, 26,) a possession of 47 years was held to be sufficient to presume a grant. I think, however, that I am warranted in coming to the conclusion, that the proof of possession in this casp, accompanied by the other circumstances proven and offered to be proven, warrant the presumption of a deed. Presumptions are founded on circumstances which necessarily or usually accompany the fact to be presumed, and is strengthened by their probability. Now it has been shown that a title may be presumed from length of possession alone, and why ? Because it is improbable that a man of common sense and prudence would set down upon and improve lands to which he had no title, and more so, that he who was the rightful ownerwould quietly stand by and see such a wrong done to himself. What *86 then are the circumstances in this case which renders it probable that Howell, the grantee, did convey to Rives ? 1st. Rives had employed a sur- • veyor, and obtained a grant for the lands, but was obliged to use his name, from the difficulty of procuring a warrant in his own, which, if done with his consent, imposed on him a moral obligation to do it. 2d. The witness, Bostick, saw a lease and release, which he believes were subscribed with the name of William Howell. 3d. The house of the defendant, who was entitled to the possession of the deed, caught fire, and some of his papers were destroyed. 4th. Rives had the possession and quiet enjoyment of the land from, and perhaps before, the year 1775, until the death of William Howell, in 1782, and until the death of his son and heir, Thomas Howell, in 1788, with their knowledge. And 5th. The defendant has had the possession from that time to the commencement of this action, with the knowledge at least of one of the plaintiffs, Malachx Howell. Is it probable that all these circumstances could have existed, if William Hovjell had. not conveyed to Rives? Would he, or his son and heir, who must have been apprised of their rights, have acquiesced in the possession, without some evidence of a tenancy ? Or would Malachi Howell, the plaintiff, have done so, but from a conviction that it was a rightful one ? I think not: and if the circumstances of this case do not warrant the presumption of the fact sought to be *87 established, I confess I should be at a loss to imagine those that would.
I am therefore of opinion that the defendant is entitled to a new trial on either of these grounds.
In the argument of this case, some reliance has been placed on the defendant’s title by possession, under the act of limitations, but as the object of the motion is obtained, and as the facts on which it depends, particularly as to the minority of some of the plaiñtiüs, are involved in some obscurity, it is thought unnecessary to remark on it.
Colcock, JVbii, Cheves, and Gantt, J. concurred.